IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY S SIMPSON & ASSOC PC, § | | |
|     *PLAINTIFFS,* § | | |
| § | CIVIL ACTION NO. 4:23-CV-977 | |
| V. § | (JURY) | |
| § | | |
| TWIN CITY FIRE INSURANCE § | | |
| COMPANY, § | | |
|     *DEFENDANT,* § | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATED DISTRICT COURT JUDGE:

COME NOW, Gregory S Simpson & Assoc PC, ("Plaintiff"), and file **Plaintiff's First Amended Complaint**, complaining of Twin City Fire Insurance Company ("Twin City Fire") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Gregory S Simpson & Assoc PC, reside in Tarrant County, Texas.

2. Defendant, Twin City Fire Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Defendant is properly before this Court.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial

district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## NOTICE AND CONDITIONS PRECEDENT

6. Plaintiff has provided Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided more than sixty days prior to the original action filed.

7. All conditions precedent necessary to maintain a claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owned a Twin City Fire Insurance Company insurance policy, number 46SBAAC1995 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 9280 Huntington Square, North Richland Hills, Texas 76182 ("the Property").

10. Twin City Fire Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff. Twin City Fire Insurance Company represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. During the time from January 17, 2022 to January 17, 2023 ("Policy Period"), a severe storm passed through the Tarrant County, Texas area.

11. In the aftermath of the storm, Plaintiff submitted a Claim to Twin City Fire Insurance

Company against the Policy for damage to the Property. Twin City Fire Insurance Company assigned claim number CP0019570177 to Plaintiff's claim (the "Claim"). The claim was assigned a date of loss of October 13, 2022.

12. Plaintiff asked Twin City Fire to cover the cost of damage to the Property pursuant to the Policy.

13. Twin City Fire Insurance Company hired or assigned its agent, Christopher Watkins ("Watkins"), to inspect and adjust the claim. Watkins conducted an inspection on or about October 21, 2022, according to the information contained in their estimate. Watkins' findings generated and estimate of damages totaling $2,481.21, which fell below the Plaintiff's deductible. After application of depreciation and $4,768.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

14. Twin City Fire, through its agent, Watkins, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Twin City Fire either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather information which showed that the location was impacted by severe weather during the Policy period.

15. Twin City Fire and Watkins have ultimately refused full coverage which includes, but is not limited to, the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The third-party inspector hired to review the damage to the Property found additional storm damage that was completely absent from Watkins' estimate.

16. The damage to Plaintiff's Property is currently estimated at $61,358.42.

17. Watkins had a vested interest in undervaluing the claims assigned to them by Twin City Fire in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Watkins.

18. Furthermore, Watkins was aware of Plaintiff's deductible prior to inspecting the Property. Watkins had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

19. Watkins misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Watkins made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Watkins misrepresented that the damage was caused by non-covered perils. Watkins used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, Twin City Fire and Watkins improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, Twin City Fire and Watkins misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. Twin City Fire and Watkins made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Twin City Fire and Watkins made these false representations with the intent that Plaintiff act in

accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Watkins.

23. Plaintiff relied on Twin City Fire and Watkins' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Watkins, Twin City Fire failed to assess the Claim thoroughly. Based upon Watkins' grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, < Twin City Fire failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because Twin City Fire and Watkins failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, Twin City Fire and Watkins failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Watkins performed an unreasonable and substandard inspection that allowed Twin City Fire to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. Twin City Fire and Watkins' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation

of a breach of the insurance contract between Defendant and Plaintiff.

28. Twin City Fire and Watkins' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Twin City Fire and Watkins have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Twin City Fire and Watkins have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. Twin City Fire and Watkins' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Twin City Fire and Watkins failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30. Additionally, after Twin City Fire received statutory demand on or about June 15, 2023, Twin City Fire has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31. Twin City Fire and Watkins' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Watkins performed a biased and intentionally substandard inspection designed to allow Twin City Fire to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Twin City Fire and Watkins performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Twin City Fire's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Watkins' subpar inspection, Twin City Fire failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. Twin City Fire's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Watkins' intentional undervaluation of Plaintiff's Claim, Twin City Fire failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Watkins' understatement of the damage to the Property caused Twin City Fire to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

35. Twin City Fire and Watkins' wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT TWIN CITY FIRE INSURANCE COMPANY

36. All paragraphs from the fact section of this complaint are hereby incorporated into this section.

### BREACH OF CONTRACT

37. Twin City Fire is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows,

then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Twin City Fire and Plaintiff.

38. Twin City Fire's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Twin City Fire's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. All allegations above are incorporated herein.

40. Twin City Fire's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Twin City Fire's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. Twin City Fire's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Twin City Fire's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. Twin City Fire's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. Twin City Fire's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Twin City Fire's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. Twin City Fire's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Twin City Fire's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. Twin City Fire's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though Twin City Fire knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

49. Twin City Fire's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is consumers of

goods and services provided by Twin City Fire pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Twin City Fire. Specifically, Twin City Fire's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Twin City Fire has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Twin City Fire's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Twin City Fire represented to Plaintiff that the Policy and Twin City Fire's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Twin City Fire represented to Plaintiff that Twin City Fire's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Twin City Fire advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Twin City Fire breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Twin City Fire's actions are unconscionable in that Twin City Fire took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Twin City Fire's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G. Twin City Fire's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Twin City Fire is a producing cause of Plaintiff's damages. All of Twin City Fire's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

51. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

52. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

53. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden

to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

54. Plaintiff currently estimate that actual damages to the Property under the Policy are $61,358.42.

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

56. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

57. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff ask for three (3) times their actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

58. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Twin City Fire owed, exemplary damages, and damages for emotional distress.

60. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the United States Court of Appeals and/or the Supreme Court.

## JURY DEMAND

62. Plaintiff hereby requests a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiff prays that upon trial hereof, Gregory S Simpson & Assoc PC, recovers from Defendant, Twin City Fire Insurance Company such sums as would reasonably and justly

compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Respectfully submitted,

By: /s/ *Joseph Milensky*

**Chad T. Wilson**
Texas Bar No. 24079587
Southern District Bar No. 2249683
Joseph Milensky
Bar No. 24118231
*Attorney-in-Charge*
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF FILING AND SERVICE

      I hereby certify that on November 16, 2023, I electronically transmitted this document to the Clerk of Court using the CM/ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defendant(s) counsel of record.

LITCHFIELD CAVO LLP

Martin R. Sadler
One Riverway, Suite 1000
Houston, Texas 77056
Telephone: (713) 418-2000
Facsimile: (713) 418-2001
sadler@litchfieldcavo.com

ATTORNEY FOR DEFENDANT

                                            /s/ *Joseph Milensky*
                                            Joseph Milensky